UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - :

WILLIAM DANERIS AZIZE,    05 Civ. 9684 (SHS) (JCF)

        Petitioner,   REPORT AND
                                           RECOMMENDATION

- against -

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICE, DEPARTMENT OF
HOMELAND SECURITY, AND UNITED
STATES ATTORNEY GENERAL,

        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - :

TO THE HONORABLE SIDNEY H. STEIN, U.S.D.J.:

    William D. Azize initiated this proceeding to challenge a final order of removal that resulted from his conviction for an aggravated felony. Because he argues that he should previously have been granted citizenship - which would have rendered him immune from deportation - he has styled his pleading a "Nunc Pro Tunc Petition for Naturalization Status." Mr. Azize has also filed a "Motion for Emergency Bond Hearing," seeking release from detention on bail during the pendency of the current proceedings.

    The Government has submitted a letter dated June 17, 2005, requesting that the Court transfer this case to the United States Court of Appeals for the Second Circuit pursuant to the Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). By order dated June 22, 2005, I gave the petitioner an opportunity to respond to the Government's request. He did so in an undated letter in which he agrees that transfer is appropriate.

1

Indeed, transfer of the petition is required by the Real ID Act, and the Second Circuit is the appropriate transferee court because the final order of removal was issued by the Immigration Court in New York City. Real ID Act, § 106(c), 119 Stat. at 241. A stay of removal pending determination of the petition has already been issued. (Memorandum Endorsement dated March 1, 2005).

Mr. Azize's application for bail, however, is not subject to transfer under the Real ID Act. Therefore, the case should be bifurcated, with the bail request remaining in this Court for adjudication under the current docket number. Accordingly, I am issuing a separate order today setting a schedule for briefing that application.

Conclusion

For the reasons set forth above, I recommend that this case be bifurcated, the petition be transferred to the United States Court of Appeals for the Second Circuit, and the bail application be determined by this Court. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, Room 1010, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely

objections will preclude appellate review.

Respectfully submitted,

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         July 18, 2005

Copies mailed this date:

William Daneris Azize
#30143174 (D-35)
Tensas Parish Detention Center
8606 Highway 65
Waterproof, LA  71375

F. James Loprest, Jr., Esq.
Assistant United States Attorney
86 Chambers Street - 4th Floor
New York, New York  10007