IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **WILLIAM DANERIS AZIZE** | * | **CIVIL ACTION NO. 05-1985** |
| **VERSUS** | * | **JUDGE JAMES** |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES ATTORNEY GENERAL** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for an Emergency Bond Hearing filed by petitioner, William Daneris Azize ("Azize"). (Document No. 16). The Government opposes the motion. For reasons stated below, it is recommended that the motion be **DENIED, and this matter dismissed without prejudice.**

## BACKGROUND

On December 9, 2004, Azize, a citizen of the Dominican Republic, filed a *habeas corpus* petition in the United States District Court for the Southern District of New York, requesting release on bond from detention and challenging a final order of removal entered against him based on his prior conviction for an aggravated felony. (Document No. 1). On March 1, 2005, the Southern District stayed Azize's removal pending a decision on his petition. Although Azize challenged his detention in his *habeas corpus* petition, he re-asserted his alleged unlawful detention in his "Motion for an Emergency Bond Hearing" filed on July 7, 2005. On August 3, 2005, the Southern District bifurcated Azize's case, transferring his petition to the United States Court of Appeals for the Second Circuit pursuant to the REAL ID Act of 2005, Pub. l. No. 109-13, 119 Stat. 231, 241 (May 11, 2005), and retaining jurisdiction over his detention challenge and request for release on bail. (Document No. 18). The Southern District reemphasized that Azize's

removal was stayed pending a decision by the Second Circuit.

Although the Southern District initially sought to retain jurisdiction over Azize's challenge to his detention, Azize's relocation to Tensas Parish Detention Center in Louisiana obligated the court to transfer his "Motion for an Emergency Bond Hearing" to this Court. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). The transfer occurred on November 9, 2005. Azize is subject to a final order of removal entered against him and affirmed by the Board of Immigration Appeals ("BIA") on October 10, 2001.

## LAW AND ANALYSIS

Title 8, section 1231(a)(1)(A), better known as the Immigration and Nationality Act, provides, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The 90-day removal period is to begin:

> on the latest of the following: (i) The date the order of removal becomes administratively final; (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Put another way, for aliens who are not serving criminal sentences, the "removal period" begins on the later of either the date on which the order of removal becomes administratively final, or the date of the final order of a reviewing court. *In re Soliman*, 134 F.Supp. 2d 1238, 1246. Furthermore, once the removal period begins, it can be suspended and extended if the alien thwarts or hinders the removal process, including the filing of challenges to a removal order in court. 8 U.S.C. § 1231(a)(1)(C); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052,

n.4 (11th Cir. 2002) (judicial stay resulting from aliens challenge to removal order suspends the removal period). The Attorney General is required to detain aliens during this removal period, 8 U.S.C. § 1231(a)(2), and under the United States Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001), detention for an additional three months is presumed to be reasonable. After this six months has expired, an alien challenging his detention is required to demonstrate that no significant likelihood of removal in the reasonably foreseeable future exists. *Zadvydas*, 533 U.S. at 697-702.

In this case, the removal period has not even begun, much less expired. Although the BIA entered a final removal order against Azize on October 10, 2001, the Southern District stayed his removal and transferred the portion of his petition challenging the removal order to the Second Circuit. Therefore, under 8 U.S.C. § 1231(a)(1)(B), even though Azize is currently subject to a final removal order, the 90-day removal period will not begin until the Second Circuit, the court reviewing the removal order, issues a final ruling on Azize's petition. Until that time, the Government may continue to detain Azize pending the Second Circuit's ruling.

For the reasons stated above, it is recommended that the petitioner's Motion for an Emergency Bond Hearing be **DENIED, and this matter dismissed without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

3

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 28th day of February, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE